# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BRIGGS PLUMBING PRODUCTS, LLC, <br>     Plaintiff, <br><br> v. <br><br> DENNIS KUNS, D-K CONSTRUCTION, <br> INC., and DLP-315 LLC, <br>     Defendants. | CAUSE NO.: 2:17-CV-162-PRC |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Briggs Plumbing Products, LLC ("Briggs") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing this litigation in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Briggs and Defendants Dennis Kuns, D-K Construction, Inc., and DLP-315 LLC must be citizens of different states, and the amount in controversy must be more than $75,000. Briggs has alleged a sufficient amount in controversy. Briggs has also sufficiently alleged the citizenship of D-K Construction, Inc. by alleging the corporation's state of incorporation and principal place of business. The allegations are insufficient as to Briggs, Kuns, and DLP-315 LLC.

The Complaint alleges only that Defendant Dennis Kuns is a "resident" of Indiana. This allegation is insufficient for the purpose of determining citizenship. Citizenship of a natural person

is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Briggs must allege Kuns's domicile.

Next, the Complaint alleges that DLP-315, LLC was organized under Indiana law. For limited liability companies (LLCs), the state whose laws under which the LLC was organized is not used to determine citizenship. A limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the plaintiff must also plead the citizenship of those members as of the date the complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Briggs must allege the citizenship of DLP-315, LLC's members, members of members, and so forth tracing through all layers of ownership.

Finally, Briggs provides its full name as "Briggs Plumbing Products, LLC," but states in the Complaint that it is a corporation. This is inconsistent. If Briggs is an LLC, then its citizenship is determined by the citizenship of its members. If Briggs is a corporation, then it takes its citizenship from its state of incorporation and from the state where its principal place of business is located. Briggs must clear up this inconsistency and either properly allege citizenship or correct its name.

Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **January 19, 2018**, a supplemental jurisdictional statement that properly alleges the citizenship of all of the parties as stated above.

SO ORDERED this 8th day of January, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
